## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RUTH ANDERSON, as Executrix )
of the Estate of Elmer M. Orr, )
                                  )
           Plaintiff, )
v. )             NO.  CIV-07-0698-HE
                                  )
STATE FARM INSURANCE )
COMPANIES and STATE FARM )
MUTUAL AUTOMOBILE INSURANCE )
COMPANY, )
                                  )
          Defendants. )

## ORDER

Plaintiff Ruth Anderson filed this action in state court as executrix of the estate of Elmer M. Orr, asserting breach of contract and bad faith claims against State Farm Mutual Automobile Insurance Company ("State Farm"),[1] based on State Farm's handling of the decedent's claim for benefits under an automobile insurance policy it had issued.  State Farm removed the action after receiving the plaintiff's discovery requests, which, it asserted in the Notice of Removal, "provide[d] a clear and unequivocal basis of Plaintiff's intention to seek recovery in an amount in excess of $75,000.00 ...."  *Id.* p. 8.[2]  The plaintiff then filed a motion to remand, contending the notice of removal was untimely and that the defendant had not met its burden of demonstrating that the jurisdictional amount requirement was satisfied.

---

[1]*Although both State Farm Insurance Companies and State Farm Mutual Automobile Insurance Company were named in the petition filed in state court, only the latter responded to the complaint, removed the action, and, the court assumes, was served.  Both the plaintiff and State Farm refer to "defendant," singular, in their pleadings.*

[2]*The action was removed on the basis of diversity of citizenship.*

A civil action must be removed within thirty days after the defendant receives a copy of the initial pleading.  28 U.S.C. § 1446(b).  If the case is not removable at that time, it may subsequently be removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...."[3]  *Id.*

The plaintiff contends that her discovery requests did not provide additional information needed for the defendant to ascertain whether the amount in controversy meets the jurisdictional minimum.  She asserts that because "[e]very reason Defendant bases its belief that the amount in controversy is met relies entirely on Plaintiff's Petition or Amended Petition," plaintiff's motion, p. 3, those pleadings and not her discovery requests triggered the thirty day removal period.

The plaintiff also argues that the defendant to failed to meet its burden of demonstrating that her claims exceed the sum of $75,000.  While acknowledging that punitive damages can be considered in determining the jurisdictional amount, the plaintiff asserts that the defendant here has failed to offer "factual evidence that punitive damages are likely in this case, [or] that if awarded punitive damages would likely satisfy the amount in controversy required for federal jurisdiction."  *Id.* p. 6.

In the amended petition, the plaintiff alleges that the decedent was injured in an

---

[3]"[W]ritten forms of discovery, such as interrogatories and requests for information" *constitute "other paper" within the meaning of 28 U.S.C. § 1446(b).  See Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999).*

automobile accident in December, 2004, and, at the time, was covered under a policy issued by State Farm that provided uninsured and underinsured motorist coverage in the amount of $25,000.  She asserts that the defendant breached the insurance contract when, although the decedent had incurred medical expenses and costs exceeding $13,000, it refused to pay him more than $6,000.  The plaintiff alleges that the insurer's refusal to pay was unreasonable and in bad faith and caused emotional distress and economic harm.  She claims she is entitled to punitive damages "based on the unreasonable and improper failure of the Defendant to properly investigate and pay Plaintiff's claim; further Defendant has established a pattern and practice of failing and refusing to reasonably evaluate and pay disability claims all for which Plaintiff is entitled to punitive damages."  Amended Petition, p. 3.  In the prayer for relief the plaintiff requests actual and punitive damages, each in excess of $10,000, plus attorney's fees and prejudgment interest.

The court agrees with the defendant that these allegations alone are insufficient to demonstrate that the plaintiff's claims satisfy the jurisdictional amount requirement.  *See* Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1077 (10th Cir. 1999) (an initial pleading stating a claim for actual and punitive damages in excess of $10,000 based on a landlord's alleged breach of contract was insufficient to establish the requisite jurisdictional amount).  A party does not have "a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist."  Akin v. Ashland Chemical Co., 156 F.3d 1030, 1036 (10th Cir. 1998).  The question is whether, as the defendant asserts, the plaintiff's discovery requests clarified the amount that was in controversy.  *See id.* (" [T]he

3

key to determining the date from which the clock begins to run is when the defendant is able to 'intelligently ascertain removability.'") (quoting <u>Ardison v. Villa</u>, 248 F.2d 226, 227 (10th Cir. 1957)).

On May 24, 2007, the plaintiff served interrogatories and document production requests on the defendant, in which she requested information and documents pertaining to her claim that the defendant has engaged in a pattern and practice of bad faith handling of claims made under its policies. The defendant contends they demonstrated the plaintiff's "actual intent to seek recovery in the form of punitive damages for State Farm's alleged 'pattern and practice.'" Defendant's response, p. 6. Although a close question, the court finds that the broad discovery sought, considered in conjunction with the allegation that the decedent sustained permanent physical injuries and the defendant refused to pay the full amount of his claim for medical expenses and the costs associated with making his home handicap accessible, coupled with the allegation that the defendant has repeatedly failed and refused to reasonably evaluate and pay disability claims, demonstrates a factual basis for a sizeable award of punitive damages sufficient to meet the jurisdictional threshold.

The court also notes that the plaintiff never states that she seeks to recover less than the jurisdictional amount. Instead she asserts that she "has specifically alleged only an amount in controversy in excess of $10,000" and that "[r]egardless of the causes of action brought by Mrs. Anderson and what she may be entitled to, Defendant cannot force her to claim more than the jurisdictional amount." Plaintiff's motion, p. 4. She did not respond to the defendant's offer to agree to a remand if she would stipulate to a recovery limited to

4

$75,000.

Accordingly, having found that the removal was both timely and proper, the plaintiff's motion to remand [Doc. #8] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of August, 2007.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE